UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| JEAN HACKENSMITH, Special Administrator for the Estate of RONALD L. HACKENSMITH, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>PORT CITY STEAMSHIP HOLDING COMPANY and PORT CITY STEAMSHIP SERVICES, INC.,<br><br>Defendants. | Case No. 12-CV-786-JPS<br><br><br><br>ORDER |

The plaintiff, Jean Hackensmith, filed this action against the defendants, Port City Steamship Holding Company (the "Holding Company") and Port City Steamship Services, Inc. ("Steamship Services"), on August 1, 2012. (Docket #1). Ms. Hackensmith's filing of this action followed the Holding Company's earlier filing of an admiralty limitation of liability complaint in the separate but related case *In Re Port City Steamship Holding Company*, filed in this Court on March 19, 2012, under case number 12-CV-266.[1] Both actions stem from the same set of facts: in a tragic accident, Ms. Hackensmith's husband, Ronald, was trapped in a piece of machinery on a boat owned and operated by the defendants; he sustained substantial injuries and ultimately passed away.

Thus, Ms. Hackensmith brought suit against the defendants alleging various claims of liability against them. (Docket #1). On February 15, 2013,

---

[1] At this time, case number 12-CV-266 still remains pending. There are currently no outstanding motions or other matters to be resolved, and the Court will not address that case further in the balance of this order.

the defendants filed a number of summary judgment motions, requesting that the Court dismiss Ms. Hackensmith's claims. (Docket #30, #33, #36). Before filing her response briefs to those motions, Ms. Hackensmith filed a motion to amend her complaint to add a claim, to which the defendants object. (Docket #39, #41). The parties then stipulated to dismiss a number of Ms. Hackensmith's claims that were the subject of the defendants' motions for summary judgment. (Docket #42). That stipulation left very limited issues open for resolution on defendants' summary judgment motion, but the parties nonetheless filed their response and reply briefs on those remaining issues, making the defendants' summary judgment motion ripe for decision. (Docket #43, #44, #47).

At this stage, the parties do not wish for the Court to engage in an extensive factual analysis, and there is a very small (and generally agreed-upon) set of facts that is relevant to the limited issues remaining for disposition in this order. (Docket #42, at 3–4). Therefore, the Court will avoid a lengthy factual recitation. Nonetheless, the Court will set forth a short background of the case and the parties' claims. Next, the Court will address the parties' stipulation (Docket #42), and describe how that stipulation affects the outstanding summary judgment motions. The Court will then turn to its legal discussion of the remaining summary judgment issues. Finally, the Court will address Ms. Hackensmith's outstanding motion to amend (Docket #39) at the conclusion of this order.

1. BACKGROUND

As the Court just noted, it will begin by discussing the factual background of this case and Ms. Hackensmith's claims, before turning to address the parties' stipulation.

### 1.1 Factual and Legal Background

The factual background of this case is relatively straightforward. Ms. Hackensmith's husband was fatally injured by machine equipment while working as a Jones Act seaman on a boat owned and operated by the defendants. There are other background facts that may be relevant for trial—for example, as may relate to the defendants' alleged willful, wanton, or reckless behavior—but the parties agree that those facts are not relevant to the summary judgment motions now before the Court. (Docket #42, at 3–4).

Several months after her husband's injury, Ms. Hackensmith brought this suit against the defendants. In her Amended Complaint, she sued both defendants on the following claims:

(1) Jones Act negligence, for which she requested:
    (a) pain and suffering damages on behalf of the deceased;
    (b) financial damages on her own behalf for expenses related to her husband's death, as well as for lost support; and
    (c) such other damages as may be available; and

(2) unseaworthiness of the vessel on which the deceased was injured, for which she requested:
    (a) pain and suffering damages on behalf of the deceased;
    (b) financial damages on her own behalf for expenses related to her husband's death, as well as for lost support;
    (c) punitive damages; and
    (d) such other damages as may be available; and

>   (3) loss of consortium under General Maritime Law, for which she requested:
>
>   > (a) damages resulting from her loss of society and other companionship;
>   >
>   > (b) punitive damages; and
>   >
>   > (c) such other damages as may be available.

(Am. Compl. ¶¶ 5 (Jones Act negligence claim against the Holding Company), 6 (unseaworthiness claim against the Holding Company), 7 (loss of consortium claim against the Holding Company), 9 (Jones Act negligence claim against Steamship Services), 10 (unseaworthiness claim against Steamship Services), and 11 (loss of consortium claim against Steamship Services)).

After a period for discovery, the defendants filed three separate motions for summary judgment: Docket #30, Docket #33, and Docket #36. Each motion addresses separate portions of Ms. Hackensmith's claims.

1.2     Stipulation

However, before the court addressed any of those motions, the parties entered a stipulation, noting Ms. Hackensmith's dismissal of a number of her claims that were the subject of those motions. (Docket #40). Accordingly, by the parties' stipulation, Ms. Hackensmith agreed to dismiss a number of her claims while the defendants' agreed to dismiss their corresponding motions for summary judgment. (Docket #40).

More specifically, Ms. Hackensmith agreed to dismiss the following claims with prejudice:

(1) her Jones Act negligence claim against the Holding Company (Docket #42, at ¶ 2);

(2) her unseaworthiness claim against Steamship Services (Docket #42, at ¶ 1);

(3) her General Maritime Law loss of consortium claim against Steamship Services (Docket #42, at ¶ 1);

(4) any loss of consortium claim she may have had against Steamship Services under her Jones Act negligence claim (Docket #42, at ¶ 4(b)); and

(5) any claim for future loss of wages against either defendant in both her Jones Act negligence and unseaworthiness claims (though Ms. Hackensmith notes that she *is not* dismissing any loss of support claims she may have against the defendants pursuant to those claims) (Docket #42, at ¶ 4(a)).

Therefore, given the dismissal of a number of those claims, the parties further stipulated that the defendants would withdraw their summary judgment motions filed at Docket #33 and Docket #36. (Docket #42, at ¶ 3).

2. DISCUSSION

Thus, there exists only one summary judgment motion outstanding: Docket #30, for partial summary judgment barring recovery of punitive or loss of consortium damages. The parties have further stipulated that there is only one issue remaining that the Court must decide at this juncture: whether Ms. Hackensmith may recover punitive, loss of consortium, or other non-pecuniary damages under her remaining Jones Act negligence or unseaworthiness claims against Steamship Services and the Holding Company, respectively. (Docket #42, at 3–4).

Summary judgment on that issue is appropriate because the parties do not disagree as to the relevant facts or evidence on that issue, and the Court may determine on the basis of those items whether "the movant is

entitled to judgment as a matter of law." *Thomas v. H&R Block Eastern Enters.*, 630 F.3d 659, 663 (7th Cir. 2011); Fed. R. Civ. P. 56(a).

Having extensively reviewed the parties' briefs and the case law on the topics presented therein, the Court is obliged to determine that the defendants are entitled to judgment as a matter of law on this issue. Under the state of current law, Ms. Hackensmith may not recover punitive, loss of consortium, or other non-pecuniary damages under either her Jones Act or unseaworthiness claims.

However, the Court notes that it encountered much difficulty in reaching this decision. The law on the topic is somewhat unsettled. (At the very least, given a recent Supreme Court decision, the law *appears* to be unsettled.) Moreover, this is an issue of first impression in the Seventh Circuit.

Two Supreme Court cases are particularly important to the Court's analysis: *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), and *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009). Both cases deal with the recoverability of forms of non-pecuniary damages under maritime law, and have been interpreted by lower courts some to reach differing results. Which is to say that, following *Townsend*, many lower courts reexamined their application of *Miles'* holding.

In *Miles*, the Supreme Court held that the administrator of a deceased seaman's estate could not collect non-pecuniary damages, such as for loss of society, when bringing a general maritime action for wrongful death. *Miles*, 498 U.S. at 33. In reaching that decision, the *Miles* Court noted that it had previously created a general maritime claim for wrongful death based on unseaworthiness in a prior case, *Moragne v. States Marine Lines. Miles*, 498 U.S.

at 27 (citing *Moragne*, 398 U.S. 375, 402 (1970)). However, to ensure uniformity across general maritime law and the Jones Act, the *Miles* Court prohibited the recovery of non-pecuniary damages in general maritime wrongful death actions, just as Jones Act recovery is limited to non-pecuniary damages under its incorporation of the Federal Employees Liability Act (FELA), 45 U.S.C. § 51, *et seq.* (1908). *Miles*, 498 U.S. at 36.

Lower courts began applying the *Miles* decision to preclude all non-pecuniary damages, including punitive damages, in general maritime wrongful death actions. *See, e.g.*, David W. Robertson, *Punitive Damages in American Maritime Law*, 28 J. MAR. L. & COM. 74, 139–140 (1998).[2]

Courts continued to apply *Miles* in that way until the Supreme Court decided *Townsend*. There, the Supreme Court noted that "[h]istorically, punitive damages have been available and awarded in general maritime actions, including some in maintenance and cure…nothing in *Miles* or the Jones Act eliminates that availability." 557 U.S. at 407. The *Townsend* Court went on to hold that an injured seaman could recover punitive damages on

---

[2] Citing, among many other cases, *Horsley v. Mobil Oil Corp.*, 15 F.3d 200 (1st Cir. 1994); *Miller v. American President Lines, Ltd.*, 989 F.2d 1450 (6th Cir.), *cert. denied*, 510 U.S. 915 (1993); *Glynn v. Roy Al Boat Mgt. Corp.*, 57 F.3d 1495 (9th Cir. 1995), *cert. denied*, 116 S. Ct. 708 (1996); *Boyd v. Cinmar of Glouster, Inc.*, 919 F. Supp. 208 (E.D. Va. 1996); *Long v. F/V Melanie*, 918 F. Supp. 323 (W.D. Wash. 1996); *Hollinger v. Kirby Tankships, Inc.*, 910 F. Supp. 571 (S.D. Ala. 1996); *Carolina Clipper, Inc. v. Axe*, 902 F. Supp. 680 (E.D. Va. 1995); *Clancy v. Mobil Oil Corp.*, 906 F. Supp. 42 (D. Mass. 1995); *Bell v. Zapata Haynie Corp.*, 855 F. Supp. 152 (W.D.La. 1994); *Ledet v. Power Offshore Servs., Inc.*, 1994 WL 150805 (E.D. La. 1994); *Boykin v. Bergesen D.Y. A/S*, 822 F. Supp. 324 (E.D. Va. 1993); *Jackson v. Unisea, Inc.*, 824 F. Supp. 895 (D. Alaska 1992); *In re Cleveland Tankers, Inc.*, 791 F. Supp. 679 (E.D. Mich. 1992); *LaVoie v. Kualoa Ranch and Activity Club, Inc.*, 797 F. Supp. 827 (D. Haw. 1992); *In Re Aleutian Enter., Ltd.*, 777 F. Supp. 793 (W.D. Wash. 1991); *Haltom v. Lykes Bros. Steamship Co.*, 771 F. Supp. 179 (E.D. Tex. 1991); *Rollins v. Peterson Builders, Inc.*, 761 F. Supp. 943 (D.R.I. 1991).

a maintenance and cure claim.[3] *Id.*, at 425. However, in doing so, it noted that,

> unlike the facts presented in *Miles*, the Jones Act does not address maintenance and cure or its remedy. It is therefore possible to adhere to the traditional understanding of maritime actions and remedies without abridging or violating the Jones Act; unlike wrongful-death actions, this traditional understanding is not a matter to which "Congress has spoken directly."

*Id.*, at 420–21 (citing *Miles*, 498 U.S. at 31).

Thus, lower courts were left with a choice to make: should they follow *Miles* and the established body of case law holding that punitive damages are not recoverable in general maritime actions, or find that *Townsend* overruled that body of case law, thus allowing recovery of punitive damages in maritime actions. This choice is, of course, a very difficult one. While the *Townsend* Court discussed the historical availability of punitive damages in general maritime actions, it never expressly overruled any portion of *Miles* that limited punitive damage award. 557 U.S. at 409–10. Indeed, the *Townsend* Court actually discussed *Miles* with approval, stating that "[t]he reasoning of *Miles* remains sound." *Id.*, at 420. In the end, as has been observed by other courts, *Townsend* did not address anything other than maintenance and cure claims, leaving open the question of whether punitive damages are available for other general maritime claims. *Snyder v. L & M Botruc Rental, Inc.*, --- F.3d ----, No. 12-0097, 2013 WL 594089, at * 4–*5 (E.D. La. Feb. 15, 2013).

---

[3] Maintenance and cure claims concern "the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001).

With that unresolved background in place, lower courts began interpreting *Townsend*'s impact. Many took *Townsend* as license to award punitive and other non-pecuniary damages for general maritime claims. *See, e.g.*, *Wolf v. McCulley Marine Services, Inc.*, 2012 WL 4077240, at *6 (M.D. Fla. Sept. 17, 2012); *In re Complaint of Osage Marine Services, Inc.*, 2012 WL 709188, at *2–*3 (E.D. Mo. March 5, 2012); *Wagner v. Kona Blue Water Farms, LLC*, 2010 WL 3566731, at *6–*8 (D. Haw. Sept. 13, 2010); *Barrette v. Jubilee Fisheries, Inc.*, 2011 WL 3516061, at *5–*6 (W.D. Wash. Aug. 11, 2011). Others have applied *Townsend* much more narrowly, continuing to bar punitive and other non-pecuniary damage recovery for general maritime negligence and unseaworthiness claims. *See, e.g.*, *Snyder*, 2013 WL 594089, at *5; *McBride v. Estis Well Service, LLC*, 872 F. Supp. 2d 511, 515, 521 (W.D. La. 2012); *Doyle v. Graske*, 579 F.3d 898, 906–07 (8th Cir. 2009) (concluding that loss-of-consortium damages are not recoverable under general maritime actions, though addressing punitive damages issue only in dicta).

Each of those cases is instructive, but the Court faces a slightly different and more specific question here: whether this Court should follow *Miles* and hold that punitive damages are not recoverable in general maritime *wrongful death* actions, or find that *Townsend* abridged that portion of *Miles'* holding. None of the cases cited above addresses the issue of whether punitive and other non-pecuniary damages may be awarded to the administrator of a deceased Jones Act seaman's estate. Thus, however well-founded those cases may be, they are ultimately inapplicable to the current situation.

The Court finds the greatest instruction to come from the Supreme Court's *Townsend* decision, itself. As already noted, the *Townsend* Court

expressly distinguished between allowing punitive damages for maintenance and cure and allowing punitive damages for wrongful death. The Supreme Court stated that "unlike wrongful-death actions, this traditional understanding [awarding punitive damages for maintenance and cure actions] is not a matter to which 'Congress has spoken directly.'" *Townsend*, 557 U.S. at 420–21. This indicates that, if nothing else, the Supreme Court views wrongful death actions much differently than actions brought by injured seaman because Congress has spoken directly on wrongful death claims in passing the Jones Act. Several lower court cases acknowledge this reading. In *Osage Marine Services*, the Eastern District of Missouri stated:

> the [*Townsend*] Court emphasized that *Miles* deals with whether general maritime law should provide a remedy for wrongful death actions where damages for such actions have been limited by Congress. [*Townsend*], however grapples with a completely different issue. Unlike in *Miles,* [*Townsend*] deals with a cause of action (maintenance and cure) and remedy (punitive damages) that has not been addressed or limited by Congress.

2012 WL 709188, at *2–*3 (internal citations omitted) (citing *Townsend*, 557 U.S. at 420).

Put more simply, the Court does not view *Miles*' central holding to have been overruled by *Townsend*. That is, post-*Townsend*, despite any lower court cases treating that decision as affecting recovery of punitive damages in non-wrongful death cases, *Miles* still operates to bar punitive and other

non-pecuniary damages in general maritime wrongful death claims, such as the one at hand in this case.[4]

For that reason, the Court is obliged to conclude that, in accordance with *Miles*, Ms. Hackensmith cannot sustain her claims for punitive, loss of consortium, or other non-pecuniary damages against the defendants under her maritime action. Accordingly, the Court must grant the defendants' summary judgment motion on that issue.

3.   MOTION TO AMEND

The last item that the Court must resolve is Ms. Hackensmith's motion to amend her complaint. (Docket #39). As previously noted, Ms. Hackensmith filed a motion to amend her complaint to add a request for punitive damages under her Jones Act negligence claim—in essence allowing her to file a second amended complaint. (Docket #39). The defendants filed a response, objecting to the further amendment. (Docket #41). Plaintiffs failed to file a reply brief within the allotted 14-day time period, and therefore the matter is ripe for review.

Having examined the parties' arguments on the matter, the Court determines that it must deny Ms. Hackensmith's motion. Under Federal Rule

---

[4] The Court realizes that this approach has been criticized fairly extensively in the academic literature. *See, e.g.*, Robertson, *Punitive Damages in American Maritime Law*, 28 J. MAR. L. & COM. 74; Robert Force, *The Curse of Miles v. Apex Marine Corporation: The Mischief of Seeking "Uniformity" and "Legislative Intent" in Maritime Personal Injury Cases*, 55 LA. L. REV. 745 (1995); David W. Robertson, *Punitive Damages in U.S. Maritime Law: Miles, Baker, and Townsend*, 70 LA. L. REV. 463 (2010). Moreover, the approach seems somewhat counterintuitive, allowing for punitive damages to seamen who are injured but not deceased while prohibiting punitive damages to the administrators of seamen's estates when those seamen have died. As illogical as that situation may ultimately be, though, the Court is still bound by the Supreme Court's *Miles* decision.

of Civil Procedure 15(a), a party may amend its complaint once as a matter of course—which Ms. Hackensmith has already done. Fed. R. Civ. P. 15(a)(1); (Docket #21). To make any further amendments, the requesting party must either receive consent from the other party or leave from the Court. Fed. R. Civ. P. 15(a)(2). Because the defendants object in this instance, Ms. Hackensmith must receive leave from the Court to amend her complaint. While the Court should grant leave to amend freely, leave is not automatically granted; the Court has "broad discretion to deny leave when there is undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile" and lengthy delays increase the presumption against allowing amendment. *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir.2009)*; Johnson v. Methodist Medical Center of Ill.*, 10 F.3d 1300, 1303 (7th Cir.1993); *King v. Cooke*, 26 F.3d 720, 723 (7th Cir.1994). Here, there has been substantial delay—indeed, Ms. Hackensmith did not file her motion until *after* the defendants had filed their motion for summary judgment. Moreover, that delay may very likely unduly prejudice the defendants, who would be required to conduct additional discovery and file further summary judgment briefs during a period in which they should be preparing for trial. Finally, any amendment would be futile. Employing FELA's provisions, the Jones Act does not allow recovery for non-pecuniary damages, which has been repeatedly interpreted to mean that punitive damages are not recoverable. *Miles*, 498 U.S. at 32; *McBride*, 872 F. Supp. 2d at 515, 521; *Miller*, 989 F.2d at 1457 ("It has been the unanimous judgment of the courts since before the enactment of the Jones Act that punitive damages are not recoverable under [FELA]…Punitive damages are not therefore recoverable under the Jones Act.") (citing *Kozar v. Chesapeake*

*and Ohio Ry.*, 449 F.2d 1238, 1240–43 (6th Cir. 1971); *Kopczynski v. The Jacqueline*, 742 F.2d 555, 560–61 (9th Cir. 1984); *Miles*, 498 U.S. at 32); *Kona*, 2010 WL 3566731, at *6–*8. Thus, even if the Court were to permit Ms. Hackensmith to amend her complaint, it would ultimately be futile, as the Court would need to dismiss such claim if requested by the defendants in an additional summary judgment motion.

Therefore, the Court is obliged to deny Ms. Hackensmith's motion to amend her complaint.

4. CONCLUSION

For all of the reasons set forth above, the Court will now enter judgment

>*first*, dismissing those claims the parties have stipulated to dismiss;
>
>*second*, denying as moot the defendants' summary judgment motions that correspond to those dismissed claims;
>
>*third*, granting the defendants' summary judgment motion on Ms. Hackensmith's requests for punitive, loss of consortium, and other non-pecuniary damages under both her Jones Act negligence and unseaworthiness claims; and
>
>*fourth*, denying Ms. Hackensmith's motion to amend her complaint.

In doing so, the Court notes that a number of issues still remain active for trial. Trial is set in this matter for July 22, 2013, at 8:30 a.m. In the meantime, should the parties need any assistance, including a referral to the magistrate judge to conduct mediation, they may contact the Court's chambers.

Accordingly,

IT IS ORDERED that, pursuant to the stipulation of the parties (Docket #42, at ¶ 2), the plaintiff's Jones Act negligence claim against the defendant Port City Steamship Holding Company (Am. Compl., at ¶ 5) be and the same is hereby DISMISSED with prejudice;

IT IS FURTHER ORDERED that, pursuant to the stipulation of the parties (Docket #42, at ¶ 1), the plaintiff's unseaworthiness claim against Port City Steamship Services, Inc., (Am. Compl., at ¶ 10) be and the same is hereby DISMISSED with prejudice;

IT IS FURTHER ORDERED that, pursuant to the stipulation of the parties (Docket #42, at ¶ 1), the plaintiff's general maritime law loss of consortium claim against the defendant Port City Steamship Services, Inc., (Am. Compl., at ¶ 11) be and the same is hereby DISMISSED with prejudice;

IT IS FURTHER ORDERED that, pursuant to the stipulation of the parties (Docket #42, at ¶ 4(b)), any loss of consortium claim the plaintiff may have had against the defendant Port City Steamship Services, Inc., be and the same is hereby DISMISSED with prejudice;

IT IS FURTHER ORDERED that, pursuant to the stipulation of the parties (Docket #42, at ¶ 4(a)), any claim for future loss of wages the plaintiff may have had against both defendants under both her Jones Act negligence and unseaworthiness claims be and the same is hereby DISMISSED with prejudice;

IT IS FURTHER ORDERED that, pursuant to the stipulation of the parties (Docket #42, at ¶ 1–2), the defendants' motions for summary judgment at Docket #33 and Docket #36, be and the same are hereby DENIED as moot;

IT IS FURTHER ORDERED that the defendants' remaining motion for summary judgment (Docket #30) be and the same is hereby GRANTED, and the plaintiff's claim for punitive, loss of consortium, and other non-pecuniary damages under both her Jones Act and unseaworthiness claims be and the same are hereby DISMISSED; and

IT IS FURTHER ORDERED that the plaintiff's motion to amend her complaint (Docket #39) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge